IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23 MJ 34 WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>MICHAEL COSTELLO HENSLEY )<br>)<br>Defendant. )<br>_____ ) | ORDER<br><br>D.C. File Numbers<br>1:20-MJ-27<br>1:18-CR-270 |

This matter came before the Court on July 5, 2023 pursuant to Rule 40 of the Federal Rules of Criminal Procedure following Defendant's arrest for allegedly violating the conditions of his release that were previously set by the United States District Court for the District of Columbia.

I. Background

A. The First Case (1:18 – CR – 270)

The information of record indicates that on September 4, 2018 Michael Costello Hensley ("Defendant") was charged by way of a bill of information filed in the United States District Court for the District of Columbia with entering or remaining in a restricted building or grounds and unlawful entry. District of Columbia Case 1:18-cr-270 (the "First Case"), Doc. 1. Defendant was subsequently deemed incompetent but his competency was restored and he was released on conditions described in an Order Setting Conditions of Release that was filed on December 6, 2019. First Case, Doc. 31.

1

### B. The Second Case (1: 20 – MJ – 27)

On February 13, 2020, a Criminal Complaint was filed in the District of Columbia charging defendant with Contempt of Court. District of Columbia Case 1:20-mj-27 (the "Second Case"), Doc. 1.

A bill of information was filed on February 26, 2020, alleging that from on or about December 9, 2019 and continuing until on or about February 10, 2020 Defendant knowingly violated the Order Setting Conditions of Release in the First Case. Second Case, Doc. 3.

On March 13, 2020, an Order Setting Conditions of Release was entered in the Second Case. Second Case, Doc. 6.

On September 17, 2020, a Petition for Warrant ("Petition") was filed alleging that Defendant had violated his conditions of release in the Second Case. In particular, it is alleged that: 1) on September 9, 2020, Barbara Hensley, who is Defendant's mother and his third-party custodian, reported to Defendant's supervising probation officer that she had not seen Defendant since September 3, 2020; 2) Defendant did not attend an appointment with his treatment provider on September 9, 2020; and 3) as of September 17, 2020, Defendant's whereabouts were unknown. Second Case, Doc. 17. An Arrest Warrant was issued on September 21, 2020.

### C. Defendant's Initial Appearance in WDNC

On July 3, 2023, Defendant made his initial appearance before the undersigned. The Government was represented by Assistant United States Attorney John Pritchard. Assistant Federal Public Defender Emily Jones appeared with Defendant.

Rule 40 of the Federal Rules of Criminal Procedure requires that a person who has been arrested under a warrant issued in another district 1) for failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141-3156 or by a subpoena or 2) for violating the conditions of release set in another district appear before a magistrate judge in the district of arrest. Fed. R. Crim. P. 40(a). The court must then conduct proceedings pursuant to Rule 5(c)(3) as applicable and may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing. Fed. R. Crim. P. 40(b), (c).

During the proceedings on July 3, 2023, Defendant was advised of his right against self-incrimination and was given other information, including information regarding the pending charges.

Defendant requested that counsel be appointed for him and submitted a supporting financial affidavit. Defendant's request was granted, Ms. Jones, was appointed to represent him during the hearing on July 3, and Defendant was given a reasonable opportunity to consult with her.

Defendant waived an identity hearing.

The Court did not conduct a preliminary hearing and otherwise made no finding regarding whether there is probable cause to believe that Defendant committed the alleged violations, as those determinations are more appropriately reserved for the court in the charging district. See <u>United States v. Jaitly</u>, No. 09-644-M, 2009 WL 1675086 (E.D. Pa. June 15, 2009).

With regard to detention, the Government made an oral motion that Defendant be detained and transported to the District of Columbia by the United States Marshal's Service, with further decisions as to Defendant's custodial status being reserved for the court in the charging district. Defendant indicated he wished to be heard on the Government's motion.

The Government requested that it be given a chance to prepare for the hearing. That request was allowed and a detention hearing was scheduled for July 5, 2023.

## II. The Detention Hearing

On July 5, 2023, the Government was again represented by Assistant United States Attorney John Pritchard. Defendant appeared with attorney Nathan Stallings, who was assigned by the Federal Defender's Office to represent Defendant.

Since the relief sought by the Government – placing Defendant in the custody of the United States Marshal's Service while he is transported to the

charging district – would at least temporarily modify the conditions of his release, the Court has considered, pursuant to Rule 40(c), whether such a change is appropriate. See e.g., United States v. Garraway, No. 4:22-MJ-2432, 2022 WL 14752697, at *1 (S.D. Tex. Oct. 25, 2022) (citing United States v. Fellows, No. 1:21-MJ-0314, 2021 WL 3025741, *3 (N.D. N.Y. June 23, 2021)) ("The Government's motion would require the Court to modify the conditions of Garraway's release on bond. Because the Government's motion would require a change, temporary revocation, of the conditions of release, on October 20, 2022, the Court conducted a detention hearing under Rule 40(c)).")

During the hearing, the Government presented, without objection, the Petition. The Government also called United States Probation Officer Brannon Curtis, who had previously supervised Defendant in this district.

Following the Government's presentation, defense counsel advised that, after consultation, Defendant wished to testify. The Court then discussed with the Government and defense counsel its understanding of the procedural status of Defendant's cases in the District of Columbia, including that each matter remains in a pretrial posture. The Court also inquired about the parties' positions as to the scope of the Government's cross-examination if Defendant were to testify. Following those discussions, which took place in open court and in Defendant's presence, the Court gave Defendant an additional opportunity to confer with his counsel. Afterward, Mr. Stallings reported that Defendant

5

continued to wish to testify. Defendant was then allowed to take the witness stand and was sworn. After the Court inquired of Defendant directly to confirm he did wish to testify and did not wish to confer with Mr. Stallings further on these issues, Defendant proceeded to provide testimony.[1]

As described above, the record indicates that Defendant is alleged to have violated the conditions of his release both in the First Case (which is the basis for the contempt charge in the Second Case) and in the Second Case (which is the basis for the Petition). In light of this information and the information presented during the hearing, including but not limited to information indicating that Defendant has traveled to New York and has been charged with additional crimes there, the undersigned concludes that the modification of Defendant's conditions of release is warranted.

---

[1] During the hearing, the Court inquired as to whether the Government or defense counsel had any concerns with regard to Defendant's competency. No competency – related motions were made by either side. In addition, the Court carefully considered whether to explore competency – related matters *sua sponte*. Though the decision was a close one, the undersigned ultimately concluded that such proceedings were not required by the current record.

**IT IS THEREFORE ORDERED THAT** the Government's oral motion is **GRANTED,** and Defendant is **REMANDED** to the custody of the United States Marshal's Service to be transported to the District of Columbia for further proceedings, with any additional decisions regarding Defendant's custodial status being reserved for the court in the District of Columbia.

Signed: July 6, 2023

W. Carleton Metcalf
United States Magistrate Judge